**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 16, 2011[*]
Decided February 18, 2011

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 09-3988

| | |
|---|---|
| MICHAEL EDWARDS, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:09-cv-00292-MJR |
| DOCTOR OBADINA, *Defendant-Appellee.* | Michael J. Reagan, *Judge.* |

**O R D E R**

Michael Edwards, an inmate at Danville Correctional Center, appeals the district court's dismissal of his suit under 42 U.S.C. § 1983, in which he alleged that Dr. Olukunle Obadina, a prison doctor, violated his Eighth Amendment rights in the course of treating his broken nose. We dismiss the appeal.

---

[*] The defendant was not served in the district court and is not participating in this appeal. Therefore the appeal is submitted on the appellant's brief and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Edwards's complaint alleged that Obadina refused to refer him to an outside hospital for care after he suffered a broken nose—the result of a punch landed by another inmate. Obadina's refusal, the complaint further alleged, left Edwards in "excruciating pain," and he continues to have trouble breathing and sleeping and suffers frequent nose bleeds. Edwards attached medical records to his complaint, some reflecting Obadina's opinion that an outside evaluation was not medically necessary because he suffered no airway obstruction and the deformity to his nose was merely "cosmetic." Edwards also challenged his custody level and conditions of confinement. The district court dismissed the complaint with prejudice for failure to state a claim, *see* 28 U.S.C. § 1915A, concluding that Edwards's allegations against Obadina did not rise to the level of deliberate indifference and that his claims about his custody level and conditions of confinement did not pertain to Obadina, the sole defendant.

Edwards filed a timely notice of appeal, but a month later he moved under Federal Rule of Civil Procedure 59(e) to alter or amend the judgment, as well as to amend his complaint. The district court dismissed that motion for lack of jurisdiction, explaining that it was divested of jurisdiction when Edwards filed his notice of appeal. Edwards then filed two successive notices of appeal from the judgment, one of which explicitly challenged the district court's dismissal of his motion to alter or amend the judgment. We dismissed both notices because Edwards failed to pay the docketing fees required under Circuit Rule 3(b).

In his appellate brief Edwards, proceeding pro se, vaguely contends that the court erred in dismissing his motion to alter or amend the judgment. But his first notice of appeal, which is the only one properly before us, did not—and could not—bring up the later order dismissing his motion to alter or amend, *see* FED. R. APP. P. 4(a)(1); *Ackerman v. Northwestern Mut. Life Ins. Co.*, 172 F.3d 467, 468-69 (7th Cir. 1999). Because he raises no argument challenging the dismissal of his complaint for failure to state a claim, he waived the only possible issue we have jurisdiction to review. *See* FED. R. APP. P. 28(a)(9)(A); *Wallace v. McGlothan*, 606 F.3d 410, 421 n.6 (7th Cir. 2010). Even a pro se appellant must present a reason for overturning the district court's judgment. *See Anderson v. Hardman*, 241 F.3d 544, 545-46 (7th Cir. 2001).

We make one final observation: the district court improperly invoked the language of fact pleading when it concluded that Edwards had "not alleged facts indicating deliberate indifference by Defendant Obadina." Repeatedly we have emphasized that plaintiffs, including prisoners whose civil suits are screened under 28 U.S.C. § 1915A, need not plead facts. *See, e.g., Santiago v. Wells*, 599 F.3d 749, 759 (7th Cir. 2010); *George v. Smith*, 507 F.3d 605, 608 (7th Cir. 2007); *Simpson v. Nickel*, 450 F.3d 303, 306 (7th Cir. 2006). Edwards does not challenge the dismissal of his complaint, however, and accordingly the appeal is DISMISSED.